IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| ANTHONY WINGFIELD, | : |
| Plaintiff, | : |
| v. | : Case No. 3:25-cv-136-TES-AGH |
| Officer NOGART, *et al.*, | : |
| Defendants. | : |

**REPORT AND RECOMMENDATION**

Pending before the Court is Plaintiff's request for preliminary injunctive relief. ECF No. 3. Plaintiff asks the Court to order the Walton County Sheriff Office to "remove the named officer from all contact with plaintiff," to transfer Plaintiff to an "alternative facility," and to "initiate full mental health screening." *Id*. As explained below, it is recommended that Plaintiff's motion be denied.

A preliminary injunction or temporary restraining order ("TRO") is a drastic remedy used primarily to preserve the status quo rather than to grant most or all of the substantive relief sought in the complaint. *See, e.g., Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983); *Fernandez-Roque v. Smith*, 671 F.2d 426, 429 (11th Cir. 1982). The standards for obtaining a preliminary injunction and obtaining a TRO are the same. *See Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001); *Windsor v. United States*, 379 F. App'x 912, 916-17 (11th Cir. 2010). Factors a movant must show to be entitled to a TRO include: "(1) a substantial likelihood of ultimate success on the merits; (2) the TRO is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the TRO would

inflict on the non-movant; and (4) the TRO would serve the public interest." *Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995).

Plaintiff's request for injunctive relief is vague and conclusory. *See* ECF No. 3. Thus, Plaintiff does not clearly address the factors necessary for a TRO, and at this juncture, the facts have not been sufficiently developed to conclude that there is a substantial likelihood that Plaintiff will ultimately prevail on the merits. Since Plaintiff has failed to show a substantial likelihood of success on the merits, the court need not consider the remaining factors in the preliminary injunction analysis. *See GeorgiaCarry.Org, Inc. v. U.S. Army Corps of Eng'rs*, 788 F.3d 1318, 1329 (11th Cir. 2015) (citing *ACLU of Fla., Inc. v. Miami–Dade Cnty. Sch. Bd.*, 557 F.3d 1177, 1198 (11th Cir. 2009)) (declining to consider remaining preliminary injunction factors and holding that a "[f]ailure to show any of the four factors is fatal, and the most common failure is not showing a substantial likelihood of success on the merits"). Because Plaintiff has not met the prerequisites for preliminary injunctive relief, it is **RECOMMENDED** that Plaintiff's request for a preliminary injunction and/or a temporary restraining order (ECF No. 3) be **DENIED** at this time.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Tilman E. Self, III., United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Objections to the Recommendation are limited

in length to twenty (20) pages. A party seeking permission to exceed these limitations shall do so by filing a written motion no later than five (5) days in advance of the deadline for filing objections and by specifying the number of pages requested. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made.  *See* 11th Cir. R. 3-1.

**SO RECOMMENDED**, this 1st day of October, 2025.

                                         s/ *Amelia G. Helmick*
                                         UNITED STATES MAGISTRATE JUDGE